UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREAS MARTEL WESLEY,

                Petitioner,                       ORDER

        - against -                       06-CV-3717 (NGG)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      On April 26, 2005 Petitioner Andreas Martel Wesley ("Petitioner") was sentenced by this court to, inter alia, 120 months in prison for knowingly or intentionally distributing and possessing with intent to distribute cocaine base and heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). (Memorandum in Opposition to Section 2255 Petition ("Gov't Mem.") (Docket Entry # 7) Exh. D (Transcript of Sentencing) at 21.) Petitioner now moves to correct his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Petitioner claims that absent his counsel's erroneous advice that he was subject to sentencing as a "career offender" pursuant to United States Sentencing Guidelines ("U.S.S.G") § 4B1.1 he would not have accepted his plea agreement, under which he agreed to be sentenced as a career offender and waived his right to "file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 162 months or below." (Reply Brief in Response to the Government's Motion ("Pet. Rep.") (Docket Entry # 10) at 3; see Gov't Mem. Exh. B (Plea Agreement) ¶¶ 3, 5.) Petitioner also asserts that his appellate counsel's "nominal representation on appeal" also amounted to ineffective assistance. (Pet. Rep. at 6.)

Petitioner correctly argues that a waiver of appellate rights in a plea agreement "does not foreclose an attack on the validity of the process by which the waiver has been procured." See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). Therefore, notwithstanding a signed waiver, a petitioner may argue that his plea was obtained in violation of Fed. R. Crim. P. 11(c), see id. at 196-98, that his waiver of appellate rights was not knowing or voluntary, see United States v. Tang, 214 F.3d 365, 369 (2d Cir. 2000) (holding waiver invalid because no inquiry was made at plea allocution as to defendant's understanding of the waiver); United States v. Chen, 127 F.3d 286, 289 (2d Cir. 1997) (holding waiver invalid because magistrate judge incorrectly explained waiver to defendant), or that he received ineffective assistance of counsel in entering the plea agreement, see United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998); United States v. Oladimeji, 463 F.3d 152, 155 (2d Cir. 2006) (waiver of appellate rights will be enforced until petitioner succeeds in proving that the waiver should be voided because of ineffective assistance of counsel).

Even when a waiver of appellate rights has been validly procured, a petitioner may still challenge his sentence if was allegedly influenced by the court's "arguably unconstitutional" consideration of an improper factor, like race or status as a naturalized citizen. See United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008).

Petitioner argues that his waiver of appellate rights should be voided because the ineffective assistance of counsel he received tainted his acceptance of the plea agreement which included that waiver. Petitioner claims that, absent counsel's erroneous advice that he was subject to sentencing as a "career offender" pursuant to U.S.S.G. § 4B1.1, he would not have accepted the plea agreement and waived his appellate rights.

As relevant here, U.S.S.G. § 4B1.1(a) provides that a defendant is a career offender if the "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Petitioner claims that his counsel should never have advised him to agree to be sentenced as a career offender because he had only one, not two, prior felony convictions of a "crime of violence or a controlled substance offense." Specifically, Petitioner claims that Attempted Criminal Possession of a Controlled Substance in the Third Degree, of which he was convicted in New York Supreme Court in 1995, is neither a "crime of violence nor a controlled substance offense," because it merely criminalizes possession of a controlled substance, not possession with intent to distribute, as required under the Sentencing Guidelines. (Pet. Rep. at 4-5.)

A "controlled substance offense" is defined under the Sentencing Guidelines as, inter alia, an offense under state law "that prohibits the . . . possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The application notes to this section provide that "'controlled substance offense' include[s] the offense[] of aiding and abetting, conspiring, and attempting to commit such offense[]." The transcript of Petitioner's state-court plea allocution makes clear that Petitioner pleaded guilty to violating New York Penal Law § 220.16(a), which provides that "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it":

> THE COURT: Mr. Wesley, were you there at that time and place, did you have this cocaine, and did you have it for the purpose of selling it, and knew it was cocaine?
>
> PETITIONER: Yes.

(Memorandum of Law in Support of Motion to Vacate (Docket Entry # 3) Exh. 3.)

As Petitioner clearly pleaded guilty to a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.1(a) and thus qualified as a career offender, his argument that he received ineffective assistance of counsel relating to his plea agreement has no merit. Petitioner's counsel could not have been ineffective for giving Petitioner accurate legal advice, and Petitioner has not established that his counsel did otherwise. Petitioner's appellate counsel likewise could not have been ineffective for failing to raise the frivolous argument that Petitioner was incorrectly sentenced by the court as a career offender. See United States v. Abad, 514 F.3d 271, 276 (2d Cir. 2008) ("counsel could not therefore have been ineffective for failing to make a motion that would have been futile"). In any event, given Petitioner's waiver of his appellate rights, this frivolous argument would not have been heard on appeal. See Oladimeji, 463 F.3d at 155 (declining to consider any appellate claim that falls under the appeal waiver until defendant succeeds, by a habeas petition, in voiding his waiver).

As Petitioner's claim of ineffective assistance of counsel has no merit, his motion for a writ of habeas corpus is denied. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: July 2, 2008
Brooklyn, New York

/signed/
NICHOLAS G. GARAUFIS
United States District Judge